UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CARY O. PULLER, III, ADMINISTRATOR
    OF THE ESTATE OF LEE P.
    BANNING, DECEASED,

                                    Plaintiff,                    Action No. 3:08–CV–813

        v.

UNISOURCE WORLDWIDE, INC.,
GEORGIA-PACIFIC LLC, and,
UNUM LIFE INSURANCE COMPANY
    OF AMERICA,
                                    Defendants.

MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss Counts II

and III of the Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Docket No. 5).  For the reasons stated below, the Motion to

Dismiss is GRANTED in part and DENIED in part.


I.  BACKGROUND

A.  Factual History

Unisource Worldwide ("Unisource"), of which Georgia-Pacific LLC, ("Georgia-

Pacific") has an ownership interest, employed Darren Banning ("Mr. Banning").

While employed, Mr. Banning enrolled in a Voluntary Accident Insurance Plan ("the

Policy") offered by Unum Life Insurance Company of America ("Unum") (formerly

Commercial Life Insurance Company).  The Policy was obtained by Mr. Banning for

1

coverage on the life of his wife, Lee P. Banning ("the Decedent"), with Mr. Banning as the beneficiary.  (See Pl.'s Ex. A.) The value of the Policy was $150,000.  The Decedent died on December 23, 1999, of a shotgun wound to her back.  Mr. Banning was charged with the Decedent's murder in November 2002, and was convicted of the murder in August 2003.  Mr. Banning was sentenced to life imprisonment in March 2004, and by September 2005, he had exhausted all appeals with respect to his conviction.

Cary Puller ("the Administrator") qualified as the Administrator of the Decedent's estate on August 26, 2003, but his rights in the Policy as Administrator only arose after the exhaustion of Mr. Banning's appeals in September 2005. According to Virginia Code section 55-411(A), Virginia's Slayer Statute, Mr. Banning's actions forfeited his rights to the benefits of the Policy and the benefits passed to the Decedent's estate.[1]  For this reason, Plaintiff is now the beneficiary of the Policy issued to the Decedent.  Once the Administrator's rights in the Policy became vested, he attempted to obtain any and all information from Unisource and Georgia-Pacific relating to the Policy, however, Unisource and Georgia-Pacific failed to respond to the requests.  The Administrator filed suit in September 2007 against

---

[1]     Virginia Code section 55-411 provides,

> Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance or bond or other contractual agreement on the life of the decedent or as the survivor of a joint life policy shall be paid to the estate of the decedent, unless the policy or certificate designates some person as alternative beneficiary to him.

Va. Code Ann. § 55-411 (2008).

Unisource and Georgia-Pacific seeking all information regarding the Decedent's or Mr. Banning's benefits, including the Policy.  The case was nonsuited a month later with the understanding that Georgia-Pacific would provide all necessary information to the Administrator.

Unisource and Georgia-Pacific provided the information and the Administrator filed the claim with Unum on January 4, 2008.  The claim was denied on March 6, 2008, because it was filed out of time and Unum could not verify Mr. Banning's enrollment in the Policy. (Pl.'s Ex. C.)  The Administrator appealed the decision, but the appeal was denied on June 2, 2008.  (Pl.'s Exs. D, E.)

B.  Legal History

Plaintiff filed the current Complaint in state court and the case was removed by all of the defendants on December 12, 2008.  Defendants Unisource and Georgia-Pacific ("Defendants") filed a Motion to Dismiss Counts II and III of the Complaint on December 17, 2008.  Defendants assert that: (1) Counts II and III are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1000, et seq. ("ERISA"); (2) Defendant Unisource is not a proper party to Count II; and (3) Plaintiff has not exhausted all administrative remedies in order to pursue a claim against Unisource in Count II.   The arguments pertaining to each count will be discussed in turn.

## II.  ANALYSIS

### A.  Standard of Review

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957); <u>see</u> <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007).  Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), as well as any facts that could be proved that are consistent with those allegations, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).  But, because the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative.  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964, 1966 (2007); <u>see</u> Fed. R. Civ. P. 8(a)(2).  The court does not have to accept legal conclusions that are couched as factual allegations, <u>Twombly</u>, 127 S. Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments."  <u>E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000).  But, the plaintiff does not have to show that he is likely to obtain relief; if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim.  <u>Twombly</u>, 127 S. Ct. at 1969 & n.8.

4

B.  Count II will be dismissed

    1.  Unisource is not a proper party under ERISA

Defendants allege that Unisource is not a proper party under § 1132(a)(1)(B), and for this reason, the ERISA claim contained within Count II should be dismissed. Section 1132(a)(1)(B) is the civil enforcement provision of ERISA permitting a participant or beneficiary to bring suit to "recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  ERISA § 502, 29 U.S.C. § 1132(a)(1)(B) (2006).  This Court, in 2003, held that a claim for benefits under this provision of ERISA may only be brought against the plan or the plan administrator. SunTrust Bank v. Aetna Life Ins. Co., 251 F. Supp. 2d 1282, 1291–92 (E.D. Va. 2003). Neither party indicates who the plan administrator of the Policy is, but Plaintiff plainly concedes that "Unisource is not a proper defendant to the ERISA claim of Count II."  (Pl. Mem. in Opp'n to Mot. to Dismiss 7.)  As a result, Plaintiff agrees that the ERISA portion of Count II should be dismissed.  (Id.)[2]  Because it is not in dispute that Defendant Unisource is not a proper defendant, nor has there been any evidence or argument otherwise, the ERISA claim in Count II will be DISMISSED.

    2.  Count II's alternative breach of contract claim is preempted by ERISA

In Count II, Plaintiff alleges that because Unum denied the Administrator's claim, Unisource failed to provide benefits it had agreed to provide and therefore

---

[2]    Plaintiff maintains, however, that Unisource is a proper defendant to the alternative state law breach of contract claim.  The validity of that claim is discussed below.

breached its contract.  Defendants assert that the alternative breach of contract

claim is preempted by ERISA and should therefore be dismissed.  Plaintiff contends

that because Mr. Banning has not been deemed a participant or beneficiary of the

Policy (thereby making Plaintiff a beneficiary of the Policy), ERISA does not

necessarily preempt the Administrator's claims.[3]

a.  Mr. Banning is a participant/beneficiary according to ERISA

The Fourth Circuit has enumerated the five elements necessary for a plan to

constitute an employee benefit plan under ERISA: "(1) a 'plan, fund or program' (2)

established or maintained (3) by an employer . . . (4) for the purpose of providing . . .

accident . . . benefits (5) to participants or their beneficiaries."  Madonia v. Blue Cross

& Blue Shield of Va., 11 F.3d 444, 446 (4th Cir. 1993) (citing Donovan v. Dillingham,

688 F.2d 1367, 1371 (11th Cir. 1982)).  There is no dispute that this is a plan

established by Unisource for the purpose of providing accident benefits to Unisource

employees and their spouses, thereby constituting an employee benefit plan.  There

is, however, a dispute as to whether or not Mr. Banning qualifies as a participant or

beneficiary, which would provide Plaintiff standing to bring an ERISA claim.  Without

such standing, the Administrator would be barred from making an ERISA claim.

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 116–18 (1989); Gardner v. E.I.

DuPont De Nemours & Co., 165 F.3d 18, 1998 WL 743669, at *3 (4th Cir. Oct. 23, 1998)

(Table).

---

[3]  Plaintiff does admit in the pleadings, however, that if Mr. Banning is a
participant/beneficiary, this particular claim may only be pursued under ERISA.

ERISA defines participant as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer, . . . or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7) (2006). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (2006).  It is not enough to expect to become a participant, you must have a reasonable expectation of being eligible or "a colorable claim to vested benefits." Firestone Tire & Rubber Co., 489 U.S. at 117 (noting that a "colorable claim" is one where the employee can "prevail in a suit for benefits" or that "eligibility requirements will be fulfilled in the future"); Smith v. Logan, 363 F. Supp. 2d 804, 809 (E.D. Va. 2004) ("A claim will be colorable if it is 'arguable and nonfrivolous.'") (quoting Davis v. Featherstone, 97 F.3d 734, 737–38 (4th Cir. 1996). Even where an employee's application for coverage had not been processed or approved, as long as he "may have become eligible for an ERISA benefit," this can be enough to establish coverage.  Smith, 363 F. Supp. 2d at 809 (emphasis added); see Kobold v. Aetna U.S. Healthcare, Inc., 258 F. Supp. 2d 1317, 1321–22 (M.D. Fla. 2003) (finding that an employee had standing to sue under ERISA as a participant or beneficiary even though the employer failed to send employee's applications or premiums to the insurer).

Plaintiff argues that the estate is not necessarily a beneficiary under ERISA because Mr. Banning's status is uncertain, and thus preemption would be improper.

For support, Plaintiff provides the language of the appeal letter sent by Unum

denying benefits under the Policy.  The letter states,

> While you provided information on appeal that you feel supports that the
> coverage was in effect at the time of Ms. Banning's death, our inability to
> obtain all records related to Mr. Banning's coverage elections due to the
> late filing of the claim has prejudiced our ability to clearly confirm that
> coverage was in existence.

(Pl.'s Mem. in Opp'n 5.)  This, Plaintiff asserts, demonstrates that Mr. Banning may or

may not be a participant/beneficiary under the Policy, and for this reason, this claim

is not preempted by ERISA.

   Notwithstanding Plaintiff's argument, the Court finds that Mr. Banning would

be a participant/beneficiary under the plan because, even though Unum failed to find

documentation supporting Mr. Banning's coverage under the Policy, it cannot be said

that he "may never" be found eligible to receive benefits under the Policy.  Plaintiff

attached the Policy and Mr. Banning's coverage card to the Complaint.  (Pl.'s Exs. A,

B.)  Plaintiff's purpose in attaching these documents appears to the Court as an effort

to prove the existence of Mr. Banning's coverage.  By this, Plaintiff had proven that

Mr. Banning, and the estate, may become eligible for benefits.  Viewing these facts in

the light most favorable to Plaintiff, it appears Plaintiff has provided adequate

evidence that Mr. Banning was, in fact, a participant/beneficiary because he—and

therefore the estate—may become eligible to receive benefits.  Because Plaintiff has

provided such evidence, a "colorable claim" exists under ERISA, and for this reason,

the Court finds that Plaintiff has standing as a beneficiary of the Policy to assert a

claim.

Plaintiff admits in his brief that "[i]f Darren P. Banning was a participant and beneficiary, the Administrator may only proceed under ERISA." (Pl.'s Mem. in Opp'n 6.)  If that is the case, Plaintiff has acknowledged that the alternative breach of contract claim in Count II should be dismissed based on preemption. Notwithstanding this admission, an analysis of the ERISA authority governing preemption is necessary to ensure that the claim is indeed preempted by ERISA.

<u>b.  The breach of contract claim "relates to" ERISA</u>

ERISA provides that state laws shall be preempted "insofar as they . . . relate to any employee benefit plan."  ERISA § 514, 29 U.S.C. § 1144(a) (2006).  In <u>New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, the Supreme Court noted the difficulty in defining ERISA's "expansive" key terms, and instead "went beyond" the text of the statute to determine ERISA's underlying objective. 514 U.S. 645, 656 (1995).  The Supreme Court found that the "basic thrust" of the statute was to "avoid a multiplicity of regulation in order to permit a nationally uniform administration of health benefit plans."  <u>Id.</u> at 657.

In light of this purpose, the Court determined that Congress intended ERISA to preempt at least three categories of state laws: (1) state laws that "mandate[ ] employee benefit structures or their administration," (2) state laws that bind employers or administrators to "particular choices," thus functioning as the regulation itself, and (3) state laws that "provid[e] alternate enforcement mechanisms for employees to receive ERISA benefits."  <u>Id.</u> at 657–58.  Conversely in <u>Coyne & Delaney Co. v. Selman</u>, 98 F.3d 1457 (4th Cir. 1996), the Fourth Circuit

9

maintained that Congress did not intend to preempt "traditional state-based laws of general applicability [that did not] implicate the relations among traditional ERISA plan entities." <u>Coyne & Delaney</u>, 98 F.3d at 1469.  Further, the Supreme Court has stated that "many 'lawsuits against ERISA plans for run-of-the-mill state-law . . . torts committed by [the] ERISA plan' are not preempted, even though these suits 'obviously affect[ ] and involv[e] ERISA plans and their trustees.'" <u>Darcangelo v. Verizon Commc'ns, Inc., et al.</u>, 292 F.3d 181, 191 (4th Cir. 2002) (quoting <u>Mackey v. Lanier Collection Agency & Serv., Inc.</u>, 486 U.S. 825, 833 (1988)).

It appears that the purpose of this breach of contract claim against Defendants is to collect the benefits promised to them under the Policy that were not collectable directly from Unum.  This is an alternative enforcement mechanism implicating both § 514 and § 502.[4]  When a plaintiff brings an action to enforce a contract and that contract is an ERISA-covered plan, it "is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'relate[d] to' an ERISA plan and preempted." <u>Darcangelo</u>, 292 F.3d at 195.  Because Plaintiff is suing Defendants as an alternative enforcement mechanism and the "demand for 'damages' is based exclusively on [the] employer's . . . promise for . . . plan benefits," this claim relates to and is therefore preempted by ERISA.  <u>Chapman v. Health Works Med. Group of W.</u>

_____

[4]     Through ERISA analysis and interpretation, courts have overlapped § 514 and § 502's preemption authority.  Section 514's "relate to" language has been interpreted to preempt any alternative enforcement mechanism, and § 502 speaks directly to enforcement of employee benefit plans.  Here, both § 514 and § 502 come into play because Plaintiff is attempting to enforce the terms of the plan outside of ERISA.

<u>Va., Inc.</u>, 170 F. Supp. 2d 635, 639 (N.D.W. Va. 2001) (finding that the claim was not one of wrongful termination of employment, but that of determining eligibility for benefits).  Based on the foregoing analysis, and Plaintiff's acknowledgment that if Mr. Banning—and therefore the estate—is a participant/beneficiary, ERISA provides the sole remedy, the Court finds that this claim is preempted by ERISA.

Nonetheless, simply being preempted by ERISA does not dismiss the claim automatically.  Because this is an "alternative means to enforce plan rights, ERISA's § 502 'convert[s] [the breach of contract allegation] into [a] federal claim[ ].'" <u>Jarvis v. Stewart</u>, 2005 WL 3088589, at *2 (M.D.N.C. Nov. 17, 2005) (quoting <u>Darcangelo</u>, 292 F.3d at 187).  By virtue of conversion, this Court must consider the claim in light of ERISA's statutory provisions.  However, as discussed above, Unisource is not a proper party under ERISA, and therefore Plaintiff cannot maintain a federal ERISA claim against Unisource.  Thus, Count II is DISMISSED in its entirety.

<u>3.  The issue of exhaustion of claims need not be addressed because Count II will be dismissed on other grounds.</u>

Defendants include an argument that Plaintiff cannot seek a remedy under ERISA against Defendants because Plaintiff has not exhausted his administrative remedies against Unisource.  This argument need not be discussed because the foregoing analysis results in the dismissal of Count II entirely.

<u>C.  Count III will not be dismissed</u>

11

Defendants assert that Count III, negligence against Unisource and Georgia-Pacific, is preempted by ERISA because it "relates to" an employee benefit plan.  As stated above, ERISA provides that state laws shall be preempted "insofar as they . . . relate to any employee benefit plan." ERISA § 514.  And again, the three categories generally deemed to "relate to" are: (1) state laws that "mandate[ ] employee benefit structures or their administration," (2) state laws that bind employers or administrators to "particular choices," thus functioning as the regulation itself, and (3) state laws that "provid[e] alternate enforcement mechanisms for employees to receive ERISA benefits."  Travelers Ins. Co., 514 U.S. at 657–58.

In the present case, the negligence claim against Defendants alleges that Unum denied coverage, in part, because sufficient proof of coverage could not be found, due to Unisource and Georgia-Pacific's failure to maintain records and promptly provide such records upon request.  Because of Defendants' purported negligence, Plaintiff asserts that the estate is unable to obtain the benefits of the Policy.  This injury amounts to $150,000 in damages, the same amount as the Decedent's coverage.

This claim does not fall within any of the three categories defined by the Supreme Court for ERISA preemption.  This is a claim against Unisource and Georgia-Pacific that alleges faulty record-keeping and failure to provide documentation.  These are claims of negligence unrelated to the enforcement of an employee benefit plan.  Further, the Complaint does not allege that the duty to maintain or provide documentation to employees derives from the Policy.  Plaintiff

12

bases the negligence claim entirely on Defendants' failure to maintain and provide documentation resulting in a denial of benefits.  For this reason, the Motion to Dismiss Count III on grounds of preemption is DENIED, because this claim does not adequately "relate to" an ERISA claim.


## III.  CONCLUSION

For the above reasons, Defendants' Motion to Dismiss Count II is GRANTED because (1) Unisource is not a proper party under ERISA, and (2) the state law claim is preempted by ERISA, and Unisource is not a proper party under ERISA.  However, Defendants' Motion to Dismiss Count III is DENIED because the negligence claim does not "relate to" an ERISA plan and, thus, is not preempted by ERISA.  Count II is DISMISSED in its entirety and Count III remains against Unisource and Georgia-Pacific.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __9th__ day of February 2009

13