UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CARY O. PULLER, III, ADMINISTRATOR OF THE ESTATE OF LEE P. BANNING, DECEASED,<br><br>          Plaintiff,<br><br>  v.<br><br>UNISOURCE WORLDWIDE, INC., GEORGIA-PACIFIC LLC, and, UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>          Defendants. | Action No. 3:08–CV–813 |

MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion for Reconsideration (Docket No. 15). Defendants Unisource and Georgia-Pacific ask this Court to reconsider and set aside its Memorandum Opinion of February 9, 2009, which granted their Motion to Dismiss Count II, but denied their Motion to Dismiss Count III of the Complaint. Defendants argue that Count III should be dismissed on the grounds that Plaintiff's negligence claim is preempted by ERISA. For the reasons stated below, the Motion for Reconsideration will be DENIED.

I. BACKGROUND

A. Factual History

Unisource, of which Georgia-Pacific has an ownership interest, employed Darren Banning ("Mr. Banning"). While employed, Mr. Banning enrolled in a

Voluntary Accident Insurance Plan ("the Policy") offered by Unum.  The Policy was obtained by Mr. Banning for coverage on the life of his wife, Lee P. Banning ("the Decedent"), in the amount of $150,000.00, with Mr. Banning as the beneficiary.  Mr. Banning was convicted of killing the Decedent in November 2002, and he exhausted his appeals in September 2005.

Cary Puller ("Administrator") qualified as the Administrator of the Decedent's estate on August 26, 2003, but his rights in the Policy as Administrator only arose after the exhaustion of Mr. Banning's appeals in September 2005.  Plaintiff is now the beneficiary of the Policy issued to the Decedent.  Once the Administrator's rights in the Policy became vested, he attempted to obtain any and all information from Unisource and Georgia-Pacific relating to the Policy, however, Unisource and Georgia-Pacific failed to respond to the requests.  By agreement, Georgia-Pacific and Unisource agreed to provide all necessary information relating to the Decedent's coverage.  The information was provided and the Administrator filed the claim with Unum on January 4, 2008.  The claim was denied on March 6, 2008, because it was filed out of time and Unum could not verify Mr. Banning's enrollment in the Policy.  The Administrator appealed the decision, but the appeal was denied on June 2, 2008.

B.  Legal History

Plaintiff filed the current Complaint in state court and the case was removed by Defendants on December 12, 2008.  Defendants Unisource and Georgia-Pacific ("Defendants") filed a Motion to Dismiss Counts II and III of the Complaint on

December 17, 2008.  The Motion was GRANTED as to dismissal of Count II because the breach of contract claim was preempted by ERISA.  The Motion was DENIED as to dismissal of Count III because the negligence claim was found not to "relate to" an employee benefit plan.  Defendants have filed the current Motion for Reconsideration because new evidence proves that the negligence claim is "related to" an employee benefit plan and should, therefore, be preempted by ERISA.

## II.  ANALYSIS

Defendants filed a general Motion for Reconsideration, but in the Fourth Circuit three grounds have been recognized for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  This Court has noted that this situation rarely arises, therefore the motion "should be equally rare."  Id.  Finally, a party should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through."  Id.; see also Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to

battle for it again."); Cureton v. Cianbro Corp., No. JFM–06–2303, 2007 WL 397025, at *1 (D. Md. Jan 30, 2007) (finding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment," nor to "enable a party to complete presenting his case after the court has ruled against him." (quoting In re Reese, 91 F.3d 37, 39 (7th Cir. 1996)).

In this case, reconsideration is inappropriate. Defendants' argument boils down to the fact that during their 26(f) discovery conference—held after the Motion to Dismiss—Unum produced a policy they believe was the policy in effect when the Decedent died (Policy Number GSR 2325). This Policy contains record-keeping provisions that require Defendants to maintain records on the policyholders for Unum's benefit, which they assert demonstrate that Plaintiff's negligence claim should be preempted.

This Court, in its Opinion, found that the negligence claim was not an alternative enforcement mechanism of ERISA, and therefore a viable claim, mainly because there was no duty under the Policy to maintain and provide records. Puller v. Unisource, et al., No. 3:08–CV–813, 2009 WL 331291, at *6 (E.D. Va. Feb. 9, 2009). The Court's decision was based on the information provided to the Court by the parties at the time of Motion. Now, Defendants are attempting to use information available at the time of their Motion to bolster their argument for reconsideration.

Upon review of the factors for reconsideration, Defendants' failure to provide this purportedly dispositive information in their first Motion to Dismiss does not fit within any of the permissible grounds for reconsideration. First, there has been no

intervening change in controlling law. Second, there is no new evidence, not available before the Motion to Dismiss, that would change the outcome. Defendants' current argument is based entirely on evidence available <u>before</u> the Motion—an insurance plan containing a provision requiring Defendants to maintain records. While this information was provided by Unum to Defendants during the Rule 26(f) conference, Defendants should not get the chance to use this plan language to argue preemption now, when there are other, and more appropriate, vehicles available. This information was available before the previously filed Motion to Dismiss, and therefore should not be grounds for the Motion for Reconsideration. <u>See</u> <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1470 (4th Cir. 1991) ("Dispositive motions serve judicial economy by encouraging parties to winnow out extraneous issues. To compel their cooperation in this process, litigants face the dismissal of claims which are not adequately supported by the early and full disclosure of all material facts."). Defendants give no good reason why the Policy they now use to support their argument was unavailable at the time of their Motion to Dismiss, thereby permitting reconsideration.

Lastly, a clear error of law has not occurred in this case. Using the arguments and documentation provided at the Motion to Dismiss stage, the Court made a reasoned and legally sound judgment. Now that Defendants have begun discovery, their argument for preemption might be a viable one, but this does not indicate that the Court erred in judgment when it ruled on the Motion to Dismiss using the arguments and evidence provided at the time.

## III. CONCLUSION

Because Defendant fails to make a valid argument under the 59(e) standard, the Motion will be DENIED. Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

>                    /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __31st__ day of March 2009